UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RODGER BATEMAN, et al., )
)
    Plaintiffs, )
)
v. )   No. 3:10-00765
)   JUDGE HAYNES
)
UNITED STATES OF AMERICA, et al., )
)
    Defendants. )

## MEMORANDUM

Plaintiffs, Rodger Bateman along with several other taxpayers and at least one tax preparer,[1] filed this pro se action under 42 U.S.C. §§ 1983, 1985 and 1986, and 26 U.S.C. §§ 7314, 7426, 7431, 7433, and 7491 against the following Defendants: the United States of America; the United States Department of the Treasury; the Internal Revenue Service ("IRS"); Beth Nunnick; Nancy Hale; Donna Honeycutt; Steve Hooker; Chris Boyd; Claudia Woodard; Veronica Young; Elise Williams; Stephanie Russell; Jon O'Day; Shawn Gordon; Nat Brown; Rick Siren; Mike Zorn; Miran Nicholach; Dan Anderson; and any unnamed officers, representatives of the IRS or the Department of the Treasury, all in their individual and official capacities.[2]

---

[1] The Plaintiffs are as follows: Rodger Bateman, Shannon and Rita Byrd, Bendik Broroson, Randy Carrie, Mike Davis, Ec Hopper LLC, Pamela Hovies, Steve Hovies, Jasper Humphries, Carolyn LeCompte, Robert and Carrie Peery, Reliable Coating Surfaces, Inc., Terry and Diane Rogers, Philip and Irene Sanders, Robert and Brenda Silva, Steve Smith, Todd Southworth, Freddie and Edith Stromatt, Hubert Tucker, Daniel Unge, Lisa Unge, Rodney Williams, and Charles and Carolyn Wilson.

[2] Plaintiffs originally filed this action in Davidson County, Tennessee Circuit Court against the Defendants. The Defendants removed the action to this Court under 28 U.S.C. §§ 1442(a)(1),

Plaintiffs assert claims for Defendants' alleged violations of their rights under the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution; for civil rights conspiracy under 42 U.S.C. §§ 1985 and 1986; for violating their own code of conduct in Section 1203 of the Internal Revenue Service Restructuring and Reform Act of 1998; and for violation of various provisions of the Tax Code, 26 U.S.C. §§ 7314, 7426, 7431, 7433, and 7491. Plaintiffs also assert state law claims for intentional infliction of emotional distress, official misconduct, abuse of process, trespass, conversion, official misconduct and tortuous interference with business relations, and other violations of Tennessee's Constitution and laws. Additionally, Plaintiffs seek "a declaratory judgment that the policies, practices, and actions complained of . . . are illegal and unconstitutional," and that "the individual defendants be restrained from participating in the plaintiffs' cases with the IRS." (Docket Entry No. 1, Exhibit A, Complaint at 25).

Before the Court is the Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(1), (2), (5) and (6) (Docket Entry No. 67), contending in sum: (1) that the Court lacks personal jurisdiction over them because Plaintiffs failed to effect proper service on them pursuant to Fed. R. Civ. P. 4(i); (2) that the Court lacks subject matter jurisdiction over Plaintiffs' request for declaratory and injunctive relief because the Declaratory Judgment Act and the Tax Anti-Injunction Act are applicable to this action; (3) that the United States and the Defendants in their official capacities have sovereign immunity from claims under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971); (4) that Plaintiffs fail to allege sufficient facts to state a claim against the Defendants in their individual capacities; (5) that <u>Bivens</u> actions based on the collection of taxes are barred; (6) that Plaintiffs' § 1983 claims are not actionable against federal

---

1441(a) and 1331 without objection.

actors; (7) that Plaintiffs' §§ 1985 and 1986 claims fail to allege discriminatory animus against any protected class or groups; (8) that Plaintiffs' claims under Title 26 are not actionable; and (9) that the Court should decline to exercise jurisdiction over Plaintiffs' state law claims.

In their response (Docket Entry No. 107), Plaintiffs assert, in essence that they have alleged sufficient facts to support all of their claims against the Defendants.

For the reasons set forth below, the Court concludes that Plaintiffs failed to serve the Defendants and therefore, Defendants' motion to dismiss should be granted for the Court's lack of jurisdiction.

## I. ANALYSIS OF COMPLAINT

Plaintiffs, taxpayers, were clients of Advanced Business Consultants that was operated by Northern Lights Enterprises, Inc., a company owned by Daniel and Lisa Unge. (Docket Entry No. 1, Exhibit A, Complaint Section IV, ¶ 1).[3] Plaintiffs allege that the IRS and its agents unfairly targeted them. Id. at ¶ 2. Plaintiffs allege that starting in 2003 IRS employees falsely told them that Lisa Unge, their tax preparer, was an unenrolled tax preparer; destroyed or would not return documents needed for tax court preparation; lied to criminal investigators; threatened, harassed and illegally obtained information about audits; conducted "arbitrary and capricious" tax audits; tried to force Plaintiffs to sign stipulations of facts; deliberately lost and manipulated documents; unlawfully

---

[3]Many of these Plaintiffs filed a virtually identical complaint in this district on December 12, 2008. Bateman v. United States, 3:08-cv-01186 (M.D. Tenn.). That action was dismissed in its entirety on July 9, 2009. Bateman, 3:08-cv-01186, Docket Entry No. 114. The Court dismissed with prejudice Plaintiffs' purported Bivens claims against the United States and the IRS employees in their official capacities and Plaintiffs' claims under 42 U.S.C. §§ 1985 and 1986 and 26 U.S.C. §§ 7426, 7314 and 7491. Id., Docket Entry No. 113 at 8-12, 15. Plaintiffs' claim under 26 U.S.C. § 7433 was dismissed without prejudice. Id. at 12-15. Yet, Rita Byrd, Carrie Peery, Diane Rogers, Irene Sanders, Brenda Silva and Carolyn Wilson were not plaintiffs in the original action.

3

issued liens, seized bank accounts and garnished wages; referred Lisa Unge and Advanced Business Consultants for criminal investigation without fully reviewing the file; contacted Plaintiffs directly when they had legal representation; denied Plaintiffs representation at tax audits; discriminated against them for being Lisa Unge's clients; violated Plaintiffs' rights to a speedy audit and due process rights to appeals, "ignoring transfer requests and forcing the plaintiffs to file petitions in tax courts;" violated their rights to privacy; and made false statements. Id. at ¶¶ 3-12, 14-15, 17-28, 31-32, 36-44, 50-52.

Plaintiffs allege the exhaustion of their administrative remedies through the IRS appeal procedures. Id. at ¶ 45. Plaintiffs also allege that the Defendants acted in concert with one another and conspired to violate the Plaintiffs' federally protected rights; improperly seized Plaintiffs' assets; harassed the Plaintiffs; and violated the Internal Revenue Code and the Department of Treasury regulations and/or policies in bad faith for the purpose of retaliating against or harassing the Plaintiffs and their representatives. Id. at ¶¶ 46, 48, 52-54. Plaintiffs further allege that "The IRS agents and employees were on duty, and acting as permitted only by virtue of their positions with the U.S. Government and the IRS. They were taught in technique and practices by the U.S. Government, Department of Treasury, and the IRS." Id., Section V, ¶ 4. According to Plaintiffs, they were deprived of their rights "by Defendants' acting under color of law, statutes, ordinances, customs, and practices and because of the policies and practices of the U.S. Government, Department of Treasury, and the IRS, its officers and employees." Id. at ¶ 5. Plaintiffs also allege that "[t]he defendants have exceeded their authority under the Tax Codes and have operated outside the scope of their official duties." Id. at ¶ 13.

## II. CONCLUSIONS OF LAW

District courts have discretion to dismiss an action for failure to serve a defendant with the summons and complaint. Nafziger v. McDermott Intern., Inc., 467 F.3d 514, 521 (6th Cir. 2006). Under Fed. R. Civ. P. 12(b)(5), a district court may dismiss an action for insufficient process. "When the validity of the service of process is contested, the plaintiff bears the burden of proving that proper service was effected." Frederick v. Hydro-Aluminum S.A., 153 F.R.D. 120, 123 (E.D. Mich.1994).

Defendants contend that the United States and the individually named Defendants have not been properly served under Fed. R. Civ. P. 4(i) and therefore this action should be dismissed under Fed. R. Civ. P. 12(b)(2), (5) because the Court lacks jurisdiction over the Defendants. Plaintiffs contend that all of the Defendants were properly served and that Plaintiffs filed proofs of service with the state court where Plaintiffs originally filed this action.

To serve the United States, Rule 4(i)(1) of the Federal Rules of Civil Procedure provides that a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1)(A)-(C).

Plaintiffs' filings reflect that only the Internal Revenue Service may have been sent a copy of the complaint to its address in Nashville, TN. Yet, the record does not reflect that Plaintiffs have sent a copy of the summons and complaint to the United States Attorney for this district where the action is brought nor to the Attorney General of the United States at Washington, D.C. as required under Fed. R. Civ. P. 4(i)(1)(A), (B). Plaintiffs have not provided proof of service to the Court. See Fed. R. Civ. P. 4(l). Thus, because Plaintiffs have not properly served the United States, this Court lacks jurisdiction over the United States.

Accordingly, the Court concludes that Plaintiffs' claims against the United States should be dismissed without prejudice. Fed. R. Civ. P. 4(m).

Defendants also contend that Plaintiffs have not properly served the individual Defendants in their individual capacities. Rule 4(i)(3) of the Federal Rules of Civil Procedure provides:

> To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

Fed. R. Civ. P. 4(i)(3). Rule 4(e) provides that service may be effected by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1), (2)(A)-(C).

Plaintiffs assert that they properly served the individual Defendants. As proof, Plaintiffs attached a copy of a certified mail receipt only sent to Miran Nicholach at the IRS's office address at 801 Broadway in Nashville, Tennessee 37203 that was signed for by "Holly Redding." (Docket Entry No. 107, at 52). Redding did not check the box on the return receipt reflecting that she was an agent of Nicholach's. Id.

"While Tennessee law allows service by certified mail, such mail must be received and signed for by the individual named defendant or by an agent authorized to accept service." Bateman v. U.S., No. 3:08-1186, 2009 WL 2043871, at *3 (M.D. Tenn. July 9, 2009) (citing Tenn. R. Civ. P. 4.04(1) and (10); Hall v. Haynes, No. W2007-02611-COA-R9-CV, 2009 WL 782761 at *13 (Tenn. Ct. App. Mar.26, 2009) (holding service of process by certified mail must be signed for by individual to whom mail is addressed or by agent who has express or implied actual authority to accept service on the individual's behalf)). Plaintiffs do not offer any proof that Redding had express or implied actual authority to accept service on behalf of Nicholach or any of the other individually named Defendants. Nor have Plaintiffs demonstrated that they delivered the summons and complaint to the individual Defendants personally or left copies at the individuals' residences with persons of suitable age and discretion who reside there. Fed. R. Civ. P. 4(e)(2)(A)-(B). Thus, Plaintiffs have not effected proper service on any of the individual Defendants, and the Court therefore lacks jurisdiction. Id.

Accordingly, the Court concludes that Plaintiffs' claims against the individual Defendants should be dismissed without prejudice. Fed. R. Civ. P. 4(m).[4]

For these reasons, the Court concludes that this action should be dismissed for lack of jurisdiction. Accordingly, Defendant's motion to dismiss (Docket Entry No. 19) should be granted.

An appropriate Order is filed herewith.

ENTERED this the ___ day of April, 2011.

WILLIAM J. HAYNES, JR.
United States District Judge

---

[4]The Court notes that in the prior action, Bateman v. United States, 3:08-cv-01186 (M.D. Tenn.), the Court dismissed with prejudice the Plaintiffs' Bivens claims against the United States and the IRS employees in their official capacities and the Plaintiffs' claims under 42 U.S.C. §§ 1985 and 1986 and 26 U.S.C. §§ 7426, 7314 and 7491. An action will be barred under res judicata where (1) prior litigation involved the same parties or their privies, (2) the prior litigation was terminated by a final judgment on the merits, and (3) the prior litigation involved the same claim or cause of action as the present lawsuit. Hydranautics v. Film Tec Corporation, 204 F.3d 880 (9th Cir. 2000). Under the collateral estoppel doctrine, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue on a different cause of action involving a party to the first case." Allen v McCurry, 449 U.S. 90, 94 (1980) (citing Montana v. United States, 440 U.S. 147, 153 (1979)).